# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA— DUBLIN DIVISION

JASON NEWTON *and* VANZEL NEWTON,

*Plaintiffs,*

—v—

ROOSEN VARCHETTI & OLIVIER—GA PLLC (LLC), *and* TRANSWORLD SYSTEMS, INC.,

*Defendants.*

Civil Action File Number:
3:19-cv-00047-DHB-BKE

JURY TRIAL DEMANDED

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE THE SIXTH AFFIRMATIVE DEFENSE OF ROOSEN VARCHETTI & OLIVIER—GA PLLC (LLC)

COME NOW by counsel your plaintiffs Jason Newton ("Jason") and Vanzel Newton ("Vanzel") (collectively "Plaintiffs") and for their *Memorandum of Law In Support of Their Motion to Strike the Sixth Affirmative Defense of Roosen Varchetti & Olivier—GA PLLC (LLC)*, show as follows:

## FACTS

The sixth affirmative defense of Roosen Varchetti & Olivier—GA PLLC (LLC) (hereafter "RVO") (see Doc 11, pp. 11-12) states, verbatim:

> 6.   RVO expressly denies any and all liability; however, to the extent a [p. 12] violation is established, any such violation was not intentional and resulted from a bona fide error notwithstanding RVO's maintenance of procedures reasonably adapted to avoid any such error. *See Harris v. Nationstar Mortgage LLC*, 2014 WL 11332305 (M.D. Fla. April 23, 2014).

# Law

15 USC § 1692(k)(c) provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Thus, to qualify for the bona fide error defense, the Defendants must show that (1) the presumed FDCPA[1] violation was not intentional; (2) the presumed FDCPA violation resulted from a bona fide error; and (3) each of the Defendants maintained procedures reasonably adapted to avoid any such error.  *Edwards v Niagara Credit Solutions, Inc*., 584 F.3d 1350 2009); accord:  *Kort v. Diversified Collection Servs.,* 394 F.3d 530, 537 (7th Cir. 2005); see also *Id*. At 538 (stating that a bona fide error is a "genuine mistake"). Accord: *Edwards v Niagrara Credit Solutions*, 584 F.3d 1350, 1352 (11th Cir. 2009), and, at 1353, quoting *Kort*.   In other words, a bona fide error is a mistake.

"Affirmative defenses are pleading and, therefore, are subject to all pleading requirements of the [F.R.Civ.P.]."  *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F. 2d 1286, 1294 (7th Cir. 1989).  Accord: *Wiebe v. Zakheim & Lavrar P.A.,* 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012) ("[F.R.Civ.P.] 9(b) is applicable when

---

[1] "FDCPA" means the FAIR DEBT COLLECTION PRACTICES ACT, 15 USC § 1692 *et seq*.

bone fide error is raised as an affirmative defense."). Rule 9(b) of the F.R.Civ.P. requires allegations of fraud or mistake to be pled with particularity: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Therefore, to satisfy Rule 9(b), Defendants must plead the circumstances of the mistake with particular detail, which "means the who, what, where, and how: the first paragraph of any newspaper story." *diLeo v. Enrst  Young*, 901 F.2d 624, 627 (7th Cir. 1990). Accord: *Walker v. Credit Control Services, Inc.*, USDCt, MDFla, Tampa Division, Case No 8:15-cv-1114-T-17TGW (July 28, 2015) ("Rule 9(b) requires the Defendant to include the who, what, when, where and how: the first paragraph of any newspaper story") (quotation marks omitted) (quoting *Wiebe v. Zakheim & Lavrar P.A.,* 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012) citing *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

A legal error cannot be the subject of a bona fide error defense.  *Jerman v. Carlisle, McNellie, Rini, Kramer*, 559 U.S. 573 (2010).

## Argument

RVO's Sixth Affirmative Defenses does not comply with Rule 9(b).  Instead, the defense merely claims that if an error occurred it was bona fide.   It is the Court's role to determine such a conclusion from admissible evidence offered to

prove each and every element of the defense.   Plaintiff is entitled to notice regarding the particular facts on which Defendant may rely to prove the affirmative defense.   Simply asserting the conclusion that a mistake, if it occurred, was bona fide is exactly the sort of bare-bones, conclusory allegation that should be stricken. See *Walker v. Credit Control Services, Inc.,* supra: *Schmidt v. Synergentic Communications Inc.*, (MD Fla Case no 2:14-cv-539-FtM-29CM, March 5, 2015) citing *Microsoft Corp. v. Jesse's Computers and Repair Inc.*, 211 FRD 681 (2002).

Plaintiff's objections to RVO's sixth affirmative defense relies upon the standards set forth in F.R.Civ.P. 9(b).  Defendants' citation to *Harris v. Nationstar Mortgage LLC*, 2014 WL 11332305 (M.D. Fla. April 23, 2014), therefore, misses its mark.  The motion to dismiss the bona fide error defense in *Nationstar* did not raise objections under F.R.Civ.P. 9(b).  The court in *Nationstar* neither considered nor evaluated the implications of F.R.Civ.P. 9(b) for the bona fide error defense in *Nationstar*.   The *Nationstar* opinion deals solely and exclusively with the application of F.R.Civ.P. 8 to affirmative defenses under the standards enunciated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The *Nationstar* opinion offers nothing of relevance to an evaluation of the Defendants' sixth affirmative defenses under F.R.Civ.P. 9(b).

Furthermore, the bona fide error defense does not apply to errors of law. Jerman v. Carlisle McNellie, Rini, Kramer & Ulrich LPA, 559 US 573 (2010) ("Carlisle urges us, therefore, to read § 1692k(c) to encompass "all types of error,"

including mistakes of law. Brief for Respondents 7.   We decline to adopt the expansive reading of § 1692k(c) that Carlisle proposes.   We have long recognized the "common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally" "). RVO seeks to avoid FDCPA liability by asserting that it did not make a mistake of law.   *See* RVO's first affirmative defense.

WHEREFORE your Plaintiff asks the Court to strike without prejudice RVO's Sixth Affirmative Defense.

Respectfully submitted this 9th day of August 2019 by:

ADDLETON LTD CO

by: \s\ *David F. Addleton*

David F Addleton

Attorney for <u>Plaintiff</u>

Georgia Bar # 005050

PO Box 416
Macon Georgia 31202
voice: 404.797.7166
fax: 888.398.0898
<u>dfaddleton@gmail.com</u>

## CERTIFICATE OF SERVICE

The undersigned certifies he caused to be served upon counsel of record for the parties a copy, true and correct in all relevant respects, of the within and foregoing *Plaintiffs' Memorandum Of Law In Support of Their Motion to Strike the Sixth Affirmative Defense of Roosen Varchetti & Olivier — GA PLLC (LLC)*, by causing the same to be electronically filed with the Clerk of Court, a procedure that

automatically provides service by email to counsel of record for the defendants, this 9th day of August 2019 by:

s/ *David F. Addleton*
David F Addleton