IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2020 JAN 10 PM 1: 14
CLERK J. Hodges
SO. DIST. GA.

JASON NEWTON and VANZEL NEWTON, \*
\*
    Plaintiffs, \*
\*
        v.                          \*       CV 319-047
\*
ROOSEN VARCHETTI & OLIVER-       \*
GA PLLC (LLC) and TRANSWORLD    \*
SYSTEMS, INC.,                    \*
\*
    Defendants.                 \*

**O R D E R**

Before the Court are Plaintiffs Jason and Vanzel Newton's motions to strike affirmative defenses. (Doc. Nos. 15, 16.) This case arises from an alleged violation of the Fair Debt Collection Practices Act ("FDCPA") on the part of Defendants Roosen Varchetti & Oliver – GA PLLC (LLC) ("RVO") and Transworld Systems, Inc. ("TSI"). Defendants each asserted a bona fide error defense under 15 U.S.C. § 1692k(c) – both in the sixth affirmative defense of their respective answers – which Plaintiffs now move to strike on the grounds that such a defense must be particularly pleaded under Federal Rule of Civil Procedure 9(b).[1] Plaintiffs also seek to strike TSI's seventh affirmative defense.

---

[1] Rule 9(b) states in relevant part: "In alleging . . . mistake, a party must state with particularity the circumstances constituting . . . mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

TSI withdraws its seventh affirmative defense in its response to Plaintiffs' motion. (See Doc. No. 19, at 1 n.1 ("Plaintiffs also move to strike TSI's 7th affirmative defense. Upon further consideration, TSI respectfully request [sic] the Court allow it to withdraw its 7th affirmative defense.").) Accordingly, Plaintiffs' motion to strike affirmative defense (doc. no. 16) is **DENIED IN PART AS MOOT** with respect to TSI's 7th affirmative defense.

The remaining affirmative defenses are identical in substance. Both RVO and TSI allege that, to the extent a violation of the FDCPA is established, it was unintentional on the part of Defendants and resulted from a bona fide error notwithstanding Defendants' maintenance of procedures reasonably adapted to avoid such an error. (See Doc. No. 9, at 11; Doc. No. 11, at 11-12.) This language invokes 15 U.S.C. § 1692k(c), which states "[a] debt collector may not be held liable [under this subchapter] if [it] shows . . . that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Plaintiff argues that these conclusory affirmative defenses fail to satisfy the heightened pleading standard for mistake under Rule 9(b).

The question of whether Rule 9(b)'s heightened pleading standard applies to a bona fide error defense under 15 U.S.C. § 1692k(c) is one yet to be addressed by the Eleventh Circuit or a

2

district court within the Southern District of Georgia. See Clowers v. Mandarich Law Grp. LLP, 2019 WL 4979887, at *3 (M.D. Ga. Oct. 8, 2019) (noting that the Eleventh Circuit has not addressed whether Rule 9(b) applies to a Section 1692k(c) defense). However, other district courts within the Eleventh Circuit have addressed the issue and come to different conclusions. For example, Defendants cite to Sellers v. Rushmore Loan Mgmt. Servs., LLC, 2016 WL 11431489, at *4 (M.D. Fla. July 21, 2008); see also Prindle v. Carrington Mortg. Servs., LLC, 2016 WL 9504253, at *4 (M.D. Fla. May 27, 2016), which, after acknowledging that the majority of cases conclude to the contrary, ruled that Rule 9(b) does not apply to a bona fide error defense. The Prindle court based its decision on interests of judicial economy and the fact that the rationale for requiring mistakes to be particularly pleaded does not apply to the sort of "genuine clerical or factual errors that may statutorily shield a debt collector from liability." Prindle, 2016 WL 9504253 at *4.

Also within the Middle District of Florida are two cases finding that Rule 9(b) does apply to the bona fide error defense. See Wiebe v. Zakheim & Lavrar, P.A., 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012) (applying Rule 9(b) but finding that defendant had satisfied it with allegations beyond a recitation of Section 1692k(c) language); Walker v. Credit Control Servs., Inc., 2015 WL 4571158, at *2 (M.D. Fla. July 28, 2015) (applying Rule 9(b) and

3

finding that "[a] simple recitation of a 'bona fide error' defense is insufficient"). These cases reason that "[a] claim of bona fide error is tantamount to a claim of mistake and, therefore, the [d]efendant must plead this defense with the particularity required by Rule 9(b)." See Walker, 2015 WL 4571158, at *2 (quoting Wiebe, 2012 WL 5382181 at *2). In Walker, like here, the defendant simply recited the language in Section 1692k(c). In Wiebe, the defendant recited that language but also included allegations specifying the error and the policy in place designed to avoid such errors. Both cases apply Rule 9(b) but the difference in outcomes should be illustrative of Rule 9(b)'s requirements.

This Court follows the reasoning in Wiebe and Walker in concluding that a bona fide error defense under 15 U.S.C. § 1692k(c) must be particularly pleaded to conform to the standard of Rule 9(b). Because Defendants' affirmative defenses do not include anything beyond a recitation of the language found in Section 1692k(c), they fail to meet Rule 9(b)'s "who, what, when, where, and how" requirement that the circumstances of the mistake be pleaded with particularity. See Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006) (explaining Rule 9(b)'s requirements) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)). Accordingly, Defendants' sixth affirmative

4

defenses are stricken pursuant to Rule 12(f) on the grounds that the defenses are insufficient as a matter of law.[2]

Upon the foregoing, **IT IS ORDERED** that Plaintiffs' motion to strike RVO's affirmative defense (doc. no. 15) is **GRANTED**, and Plaintiffs' motion to strike TSI's affirmative defenses (doc. no. 16) is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. Defendants are granted leave to amend their answers with respect to the deficient defenses within **21 days** of this Order.

**ORDER ENTERED** at Augusta, Georgia, this ___10th___ day of January, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Defendants also cite to cases that found a conclusory statement of a bona fide error defense sufficient to satisfy Rule 8(b) and (c)'s pleading requirements. See, e.g., Harris v. Nationstar Mortg., LLC, 2014 WL 11332305, at *2-3 (M.D. Fla. Apr. 23, 2014); Payne v. McCullough, Payne & Haan, LLC, 2012 WL 13130207, at *4 (N.D. Ga. Jan. 18, 2012) (not addressing the merits of the issue after the plaintiff conceded that the defense was sufficiently pleaded). Those cases do not apply the Rule 9(b) standard that adopted today and are therefore inapplicable.

5